```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT BLUEFIELD
```

**DANIEL N. WIMMER,**

    **Plaintiff,**

**v.**                                      **Civil Action No. 1:06-00746**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

    **Defendant.**

## MEMORANDUM OPINION

Pending before the court are the parties' respective motions for judgment on the pleadings. (Doc. Nos. 10, 12.) By Standing Order entered on August 1, 2006, and filed in this case on September 26, 2006, this matter was referred to United States Magistrate Judge R. Clarke VanDervort. (Doc. No. 4.) Pursuant to 28 U.S.C. § 636(b)(1)(B), the Standing Order directs the magistrate judge to submit proposed findings and recommendations concerning the disposition of this matter. (Id.) On January 31, 2008, the magistrate judge submitted his Proposed Findings and Recommendations ("PF & R"). (Doc. No. 13.) On February 11, 2008, plaintiff submitted timely objections to the PF & R (Doc. No. 14), to which the defendant has responded (Doc. No. 15). Accordingly, the court has undertaken a de novo review of the plaintiff's objections.

**I.   Plaintiff's Objection**

The plaintiff objects to Magistrate VanDervort's PF & R arguing that the Commissioner's decision was not based upon substantial evidence because the Administrative Law Judge ("ALJ") "erred in rejecting the uncontradicted opinion of the plaintiff's treating neurologist, Dr. Fountain."  (Doc. No. 14 at 1.)  The plaintiff reasons that, "[h]ad proper weight been accorded to Dr. Fountain's opinion . . . a finding of disability could have been reached based on the hearing testimony of the Vocational Expert . . . [who] testified that there would be no jobs Plaintiff could perform if he had no useful ability to maintain attention and concentration . . . ."  (Id. at 4.)

**II.  Standard of Review**

The court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the conditions for entitlement established by and pursuant to the Social Security Act.  If such substantial evidence exists, the final decision of the Commissioner must be affirmed.  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).  Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind.  Richardson v. Perales, 402 U.S. 389, 401 (1971).

**III. Analysis**

An ALJ is obligated to evaluate and weigh medical opinions "pursuant to the following non-exclusive list: (1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." Hines v. Barnhart, 453 F.3d 559, 563 (4th Cir. 2006) (citing Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005)); see also 20 C.F.R. § 404.1527.  Courts typically "accord 'greater weight to the testimony of a treating physician' because the treating physician has necessarily examined the applicant and has a treatment relationship with the applicant." Johnson, 434 F.3d at 654 (quoting Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001).

The treating physician rule, however, is not absolute, and may be disregarded if persuasive contradictory evidence exists to rebut it.  Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992) (per curiam). Although the Commissioner is authorized to give controlling weight to the treating source's opinion if it is not inconsistent with substantial evidence in the case record and it is well supported by clinical and laboratory diagnostic techniques, 20 C.F.R. § 404.1527(d)(2), "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if

-3-

it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig, 76 F.3d at 590 (quoting 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2)). Accordingly, "the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." Hunter, 993 F.2d at 35.

In the instant case, the ALJ found that the plaintiff's "migranes, sleep apnea, gout, essential tremor, and bursitis of the feet" constitute severe impairments (Doc. No. 9 at 26), and that he has the following residual functional capacity:

> to lift and/or carry up to twenty pounds occasionally and ten pounds frequently, stand and/or walk about six hours in an eight-hour workday, and sit about six hours in an eight-hour workday.  He can occasionally climb, balance, kneel, crouch, crawl, or stoop, but should not use heavy or vibrating equipment and needs to avoid temperature extremes.  *He has moderate reduction in concentration up to 1/3 of the time and mild reduction in concentration the rest of the time.*

(Id. at 29.)  In finding so, the ALJ fully considered Dr. Fountain's opinion that plaintiff had poor/no ability to maintain attention and concentration, but determined to give that opinion "very little weight."  (Id. at 28.)

Dr. Fountain is plaintiff's treating physician, has examined plaintiff, and is considered to be a specialist, however, the ALJ found the supportability of his opinion and the consistency of his opinion with the record to be poor.  As to the "supportability" factor, the ALJ found that "[t]he assessment

-4-

provided no clinical signs or findings, direct observation, analysis of symptomatology or underlying pathology," and that "there are no progress notes from Dr. Fountain or any other treating or examining physician to substantiate such a conclusion." (Id.) As to the "consistency" factor, the ALJ found that "claimant reads, drives, goes to church twice a week, watches television, uses the computer, runs errands, and shops," and that "claimant wrote and completed his various disability application forms with no assistance." (Id.) Moreover, the ALJ found that Dr. Fountain relied quite heavily on claimant's subjective reports and limitations rather than any evidence of debilitating impairment. See Johnson v. Barnhart, 434 F.3d 650, 657 (4th Cir. 2005) (the physician's opinion that was based on the claimant's subjective complaints could be rejected); Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001) (fact that physician's diagnosis was based largely upon claimant's self-reported symptoms allowed ALJ to assign that physician's opinion lesser weight); see also 20 C.F.R. § 404.1546(c) (residual functional capacity determinations are the responsibility of the ALJ).

Accordingly, it is evident from the transcript that the weight accorded Dr. Fountain's opinion by the ALJ was based soundly on the totality of the medical evidence, as well as plaintiff's reported daily activities. "Ultimately, it is the

duty of the administrative law judge reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990)(citing King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979)).  Because the ALJ's decision was supported by ample evidence, it must be upheld.

### IV.  Conclusion

The plaintiff has failed to direct the court to any matters on which the conclusion of the Commissioner was not supported by substantial evidence.  Accordingly, for the reasons set forth above, plaintiff's objections to the magistrate judge's PF & R are hereby **OVERRULED**.  In an accompanying Judgment Order, the court adopts the factual and legal analysis contained within the Proposed Findings and Recommendation, denies plaintiff's motion for judgment on the pleadings (Doc. No. 10), grants defendant's motion for judgment on the pleadings (Doc. No. 12), affirms the final decision of the Commissioner, and dismisses this matter from the court's active docket.

The Clerk is directed to provide a copy of this Memorandum Opinion to all counsel of record.

It is **SO ORDERED** this 4th day of March, 2008.

ENTER:

David A. Faber
United States District Judge